REGAN,- Judge.
Plaintiff, Mrs. Martha Robinson, a licensed real estate agent, brought this suit against ■ defendant, Peter Troechiano, a licensed real estate broker, doing business in the City of New Orleans, to recover the sum of $425 earned as a commission by virtue of the sale of certain real estate. Defendant answered admitting that plaintiff was in his employ at the time that the property in question was spld, but de.nied that plaintiff was entitled to a commission growing out of the said sale.
When this case was called for trial defendant objected to the introduction of any evidence in support of the allegations of plaintiff’s petition, on the theory that plaintiff’s petition did not set forth a cause of action. The objection was apparently overruled by the judge, a quo, and after a trial on the merits there was judgment in favor of plaintiff as prayed for — hence this appeal by defendant.
*125 The record reveals that plaintiff, a licensed real estate agent, was employed on January 1, 1947, by the defendant, a licensed real estate broker, under an oral contract of employment, which provided that plaintiff “was entitled to receive from defendant, on any sales in which she participated or assisted, one-half (%) of the full real estate broker’s commission charged by the defendant”.
Plaintiff conducted substantially all of her business relating to her employment with defendant’s office from her residence and the telephone served plaintiff and defendant as a medium of communication which conversations occurred one or several times each day as the business exigencies of the day necessitated.
In the morning of January IS, 1948, defendant, though he denies it, and which negation is not borne out by the record, telephoned plaintiff for the purpose of formally introducing and assigning to her his niece, Mrs. Samuel P. Maranto, a resident, at the time, of Mississippi, as a potential purchaser of exceedingly desirable revenue producing real property. On the same afternoon plaintiff, defendant and Mrs. Maranto, as occupants of plaintiff’s car, visited several properties with which plaintiff was acquainted and was endeavoring to sell, but which properties in the ultimate, failed to satisfy the particular requirements of Mrs. Maranto; and before departing for her home in Mississippi, she admonished plaintiff that she wanted “something classy, a big piece of property with a big revenue”.
On or about February 15, 1948, a Mr. Daly, operating his business under the trade name of Daly Real Estate, telephoned plaintiff and informed her that his office had acquired the exclusive listing to. sell the property ■ designated by- the municipal No. 1539 Fourth Street, and he testified that this was “a good listing, one that I thought she could handle. I invariably called her when I got them and gave her the information”.
During this conversation with Mr. Daly, plaintiff, as usual, secured all necessary sales information and upon , the termination thereof, immediately visited the property and determined that it was desirable and thereafter communicated all of this pertinent information to defendant. Defendant, on. the other hand, testified that during the year 1947, he had acquired .knowledge of the existence of this property, through the medium of real, estate brokers with whom it had been listed and more recently from the “for sale” columns of the newspapers. However, there is not one scintilla of evidence in the record to indicate that if defendant possessed knowledge of the existence of this property that he ever acted upon it before plaintiff passed on her information to defendant. In any event, the record reflects that plaintiff and defendant thereafter did show the property in question to one or more potential buyers, and plaintiff suggested to defendant that the pioperty be shown to Mrs. Máranto, but'defendant advised plaintiff “to forget Mrs. Maranto, that she was no longer a prospect” because she had purchased property in Mississippi —and in addition thereto he thought that one of the prospects who had recently viewed the property was sufficiently' interested to purchase the said property.
On or - about April 12, 1948, defendant, apparently’ surreptitiously, but certainly without the knowledge of plaintiff, made all ■necessary arrangements to -have Mrs. Mar-anto inspect the property, who instanta was so thoroughly satisfied .therewith that she offered to purchase it for the price of $40,-000. On the same day, Mr. Daly,, the vendor’s agent, secured the acceptance of the said offer from the owner thereof.
The total commission earned by virtue of the sale was $1,700; one half of which ($850) was retained by Daly, and the balance of $850 was paid to defendant.
Plaintiff, upon the acquisition of the foregoing facts, requested of defendant her share of the commission or the sum of $425, which, request was summarily refused by , defendant. Plaintiff, thereupon brought this . suit.
Plaintiff, of course, maintains that she is entitled to recover the sum in question, that the court,'a qua, was in accord with .this .-view of the matter and that this judgment should be affirmed.
*126 Defendant, on the other hand, maintains that “no testimony should have been admitted at the' trial of the case and the action should have been dismissed, for the reason that the petition failed to state a cause of action” and, in the alternative, defendant contends “that if the petition did state a cause of action, that under the evidence the petitioner failed to prove (1) that she did assist or participate in the sale in question, as was necessary under her own allegations; (2) that she did obtain the listing to the property in question; or (3) that she procured the client in. question or that the client had been assigned to her”.
In our opinion there is no merit to the contention, of defendant that plaintiff’s petition did not set forth a clear and concise right and cause of action. The petition succinctly alleged that plaintiff was employed under “a verbal contract of employment” and “was entitled to receive from defendant, on any sales in which she participated or assisted, one-half (%) of the full real estate-broker’s commission charged by the defendant”. In conformity with this oral agreement petitioner set forth that this employment, interpreted in the light of 'the well established custom prevailing among real estate brokers in the City of New Orleans, entitled her, by virtue of the facts -alleged and which she intended to prove, to one-half of the commission received by the defendant on the sale of the property in question.
We are in thorough accord with the following statements made by the trial judge in his written reasons for judgment:
“ * * * I am satisfied that Mrs. Robinson actually brought the property to the attention of Mr. Trocchiano. Even if I were to decide that she had nothing to do about bringing the matter into the 'office, plaintiff, nevertheless, would be entitled to half the commission because there is no dispute defendant’s niece, Mrs. Maranto, who ultimately bought the property, was assigned by defendant to Mrs. Robinson; that Mrs. Robinson actually showed the niece three pieces of property and, in addition, had. actually showed the Fourth Street property, but she also worked to sell the niece other property.
“* * *# The sale of the Fourth Street property and the prospect who actually bought it were both assigned to Mrs. Robinson. Since she worked on both, she is entitled’to half the commission under her contract of employment.”
This is manifestly a case which involves the application of the well known doctrine that the findings of a trial court will not be disturbed or reversed where only questions of fact are involved, unless that finding is obviously erroneous, consequently, and •
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent.